```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

DARRON ROUSE #2010-1201145,     )
                                )
               Plaintiff,       )
                                )
     v.                         )     No.  12 C 2706
                                )
COOK COUNTY DEPARTMENT OF       )
CORRECTIONS, et al.,            )
                                )
               Defendants.      )
```

                            MEMORANDUM ORDER

When Darron Rouse ("Rouse") first tendered a self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint against several defendants, this Court issued a brief April 19, 2012 memorandum order ("Order") that directed Rouse either to pay the $350 filing fee or to comply with the alternative requirement imposed on persons in custody by 28 U.S.C. §1915 ("Section 1915"). In response Rouse has unsurprisingly chosen the latter route.

Based on the institutional trust fund account printout that Rouse has submitted with his In Forma Pauperis Application ("Application"), the average monthly deposits to that account during the relevant six-month time frame (see Section 1915(b)(1)(A)) amounted to $107.57, so that 20% of that amount (id.) came to $21.50. Accordingly the Application is granted to the extent that Rouse need not pay the full $350 filing fee in advance, although he must pay the entire fee in current and future installments.

Rouse is therefore assessed that initial partial payment of

$21.50, and the trust fund officer at Pinckneyville Correctional Center ("Pinckneyville," where Rouse is now incarcerated) is ordered to collect that amount from Rouse's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

>Office of the Clerk
>United States District Court
>219 South Dearborn Street
>Chicago IL 60604
>
>Attention: Fiscal Department

Both that initial payment and all future payments called for in this memorandum order shall clearly identify Rouse's name and the 12 C 2706 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this memorandum order to the Pinckneyville trust fund officer.

After such initial payment, the trust fund officer at Pinckneyville (or at any other correctional facility where Rouse may hereafter be confined) is authorized to collect monthly payments from Rouse's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

Rouse has also tendered a Motion for Appointment of Counsel ("Motion"), and this Court has determined that both he and defendants (as well as this Court) will be best served by granting the Motion. Accordingly this Court has obtained the

name of the trial bar member next in line for such an appointment, and the following attorney is hereby appointed to represent Rouse pro bono publico:

>John T. Schriver, Esq.
>Duane Morris LLC
>190 South LaSalle Street
>Suite 3700
>Chicago IL 60603

With both the Application and the Motion thus having been granted, this Court is contemporaneously issuing its customary initial scheduling order. Rouse's appointed counsel is expected to make the necessary arrangements for service of process on all defendants except for the Cook County Department of Corrections and Sheriff Tom Dart, against neither of whom the Complaint appears to state a plausible claim of a direct constitutional violation.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 11, 2012